INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 6/24))

# UNITED STATES DISTRICT COURT

for the

## Southern District of Indiana

|  |  |  |
|---|---|---|
| Andrea J Green | ) | Case No. _____ |
| _____ | ) | *(to be filled in by the Clerk's Office)* |
| Plaintiff(s) | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | **FILED** |
| | ) | **01/05/2026** |
| Kacey Reschar (individual capacity) | ) | **U.S. DISTRICT COURT** |
| Sheriff Jerry Goodin (official capacity), | ) | **SOUTHERN DISTRICT OF INDIANA** |
| and Scott County, Indiana | ) | **Kristine L. Seufert, Clerk** |
| _____ | ) | |
| Defendant(s) | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.  Do not include addresses here.)* | | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

**Demand for Jury Trial**    [X] Yes    [ ] No

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number.  A filing may include *only*: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievances, witness statements, evidence, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 6/24))

## I.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

☐  Federal officials (a *Bivens* claim)

☒  State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

See Attached Page's A1 - A3.

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attached Page B1.

INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 6/24))

_____
_____
_____
_____
_____
_____
_____
_____
_____

## II.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Andrea J Green |
| Address | 263 Mann Ave |
| | Austin                          IN.              47102 |
| | *City*                        *State*          *Zip Co* |
| County | Scott |
| Telephone Number | (812) 569-7566 |
| E-Mail Address | anniegreen709@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Scott County / Board of Commissioners |
| Job or Title *(if known)* | |
| Address | 1 East McClain Ave. Suite 200 |
| | Scottsburg                    IN.              47170 |
| | *City*                        *State*          *Zip Code* |
| County | Scott |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity        ☐ Official capacity

INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 6/24))

Defendant No. 2
   Name
   Job or Title *(if known)*
   Address

Jerry Goodin
Scott County Sheriff
111 S. 1st Street
Scottsburg      IN.      47170

    *City*      *State*      *Zip code*

   County
   Telephone Number
   E-Mail Address *(if known)*

Scott
(812)752-8400
jgoodin@scottcountysheriff.o

☐ Individual capacity    ☐ Official capacity

Defendant No. 3
   Name
   Job or Title *(if known)*
   Address

Kacey Reschar
Scott Conty Sheriff Deputy
111 S. 1st Street
Scottsburg      IN.      47170

    *City*      *State*      *Zip Code*

   County
   Telephone Number
   E-Mail Address *(if known)*

Scott
(812)752-8400
kreschar@scottcountysheriff.org

☐ Individual capacity    ☐ Official capacity

INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 6/24))

## III.     Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain  statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.     Where did the events giving rise to your claim(s) occur?

Jay C Store Parking Lot, at 400 North Gardner Street Scottsburg IN. 47170

B.     What date and approximate time did the events giving rise to your claim(s) occur?

August 29th, 2025 at Approximately, 9:00 p.m

C.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

See attached pages C1 - C3.

INSD Pro Se Civil Rights Complaint (unrelated to imprisonment) 12/19 (adapted from AO Pro Se 15 (Rev. 12/16))

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I did put myself into Individual therapy. I talk to Steve with Brave Health once a week for hour. This is because of the fear and anxiety I now have of police officers.

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See Attached pages D1 - D2.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff    Andrea J Green

## STATEMENT OF CLAIM

1. On August 29, 2025, Plaintiff Andrea J. Green was operating a 2006 Ford Mustang that she lawfully purchased on August 1, 2025. Plaintiff possessed a valid bill of sale dated August 1, 2025, and was within the statutory grace period to complete title transfer and registration.

2. Plaintiff also possessed a written letter from the seller transferring ownership of the vehicle to Plaintiff. The letter was signed by the seller and notarized at the Scott County Sheriff's Department approximately two weeks prior to the traffic stop.

3. Plaintiff's vehicle was equipped with custom taillights that were fully operational. Photographs and video taken before and after the incident show that the taillights illuminated red when activated.

4. On the evening of August 29, 2025, Deputy Kacey Reschar initiated a traffic stop of Plaintiff's vehicle in the parking lot of the JayC Store in Scottsburg, Indiana, claiming that the vehicle's taillights were "all white" and lacked red illumination.

5. Plaintiff and her husband complied with all instructions given during the stop. Deputy Reschar ordered both occupants out of the vehicle and directed them to stand behind it.

6. While standing behind the vehicle at the deputy's direction, Plaintiff personally observed that the taillights were illuminated red.

7. Plaintiff attempted to return to the vehicle to retrieve her phone in order to record the taillights and document their condition. Deputy Reschar ordered Plaintiff to remain where she was and prevented her from accessing the vehicle to do so.

C1

8.  Deputy Reschar did not permit Plaintiff to document the condition of the vehicle's taillights, and no body camera or dash camera footage was used or preserved during the stop.

9.  Deputy Reschar informed Plaintiff and her husband that the vehicle would be towed, stating that Plaintiff had only "48 hours" to register the vehicle. This statement was false and inconsistent with Indiana law, which allows a longer grace period following purchase.

10. Deputy Reschar deployed a K-9 unit during the stop. The K-9 deployment log for the incident states that there was **"no independent information that a target odor was present"** prior to the deployment of the K-9.

11. The vehicle was searched, but no drugs, contraband, or illegal substances were found.

12. Deputy Reschar searched Plaintiff's purse without a warrant and without probable cause.

13. While attempting to tow the vehicle, Don Terry's Towing struck and damaged Plaintiff's vehicle. Deputy Reschar and other officers were present and witnessed the damage.

14. No accident report was completed or provided for the damage caused to Plaintiff's vehicle, despite Deputy Reschar stating that a report would be made.

15. Plaintiff's vehicle was ultimately towed, and Plaintiff was deprived of her transportation, ownership documents, and personal property. Plaintiff and her husband were left stranded late at night in a town where they did not reside.

C2

16. Plaintiff incurred financial losses, including towing and impound fees, transportation costs, and other out-of-pocket expenses. Plaintiff also suffered emotional distress, anxiety, humiliation, and ongoing fear as a result of the incident.

17. After the incident, Plaintiff submitted requests for records under the Indiana Access to Public Records Act. The Scott County Sheriff's Department delayed, withheld, and partially denied records, and provided incomplete and inconsistent documentation.

18. At all relevant times, Defendants were acting under color of state law and within the scope of their official duties.

C3

**Relief:**

Plaintiff respectfully asks the Court to grant the following relief:

### Actual Damages

Plaintiff incurred **actual damages totaling approximately $2,500**, which include towing and impound fees, transportation costs, rental vehicles, fuel expenses, pawned personal property, and negative bank account balances caused by the loss of her vehicle and lack of access to transportation. Plaintiff also suffered physical damage to her vehicle while it was loaded onto the tow truck.

### Compensatory Damages

Plaintiff seeks **$200,000 in compensatory damages**. This amount reflects the full scope of harm suffered, including loss of use of her vehicle, loss of personal property control, emotional distress, fear, humiliation, anxiety, disruption of daily life, and ongoing psychological impact. Plaintiff was unlawfully detained, her personal property was searched, her vehicle was seized and damaged, her ownership documents were withheld, and she was left stranded late at night without transportation. These harms were compounded by the resulting financial instability and lasting emotional trauma

### Punitive Damages

Plaintiff seeks **$100,000 in punitive damages** against Deputy Kacey Reschar in his individual capacity. Punitive damages are requested based on the nature of the conduct involved, including the escalation of the traffic stop, the search of Plaintiff's personal property, the seizure and towing of her vehicle despite no illegal substances being found, the

D1

prevention of Plaintiff from documenting the condition of her vehicle, and the disregard for the foreseeable harm caused to Plaintiff.

**Total Damages Requested**

**Actual damages:** approximately **$2,500**

**Compensatory damages: $200,000**

**Punitive damages: $100,000**

**Total monetary relief sought: $302,500**

D2